

**STATE OF LOUISIANA**
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

March 14, 2025

**VIA ECF**
Lyle W. Cayce
Clerk of Court
United States Court of Appeals, Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, Louisiana 70130-3408

    Re:  *Hoffman v. Westcott*, No. 25-70006

Dear Mr. Cayce:

    I write in response to Plaintiff's Motion for Leave to File Sur-Reply in Response to Defendants-Appellants' Reply in Support of Motion for Stay. ECF 41-1. The State takes no position on that Motion and defers to the Court. The State does, however, have a position on regrettable misrepresentations in Plaintiff's proposed Sur-Reply (ECF 41-2). He states: "[T]here is no more emergency. The State concedes, as it must, that the district court's issuance of a preliminary injunction staying the previous March 18th execution date has voided Mr. Hoffman's warrant under Louisiana law, and thus a new execution date must be set." ECF 41-2 at 4 (citing La. R.S. 15:567(C)).

    That is unequivocally false. Plaintiff is litigating—and has lost—that issue in Louisiana state court. Indeed, before he filed his Motion, he had (a) the State's opposition in the state court explaining that he misunderstands Louisiana law (attached), *and* (b) an order from that Louisiana state court *denying* his motion to recall his death warrant under La. R.S. 15:567(C) (attached). The State thus objects in the strongest possible terms to Plaintiff's mischaracterization of the State's position, as well as to his suggestion that there is no role for this Court because there is no March 18 execution date.

1



STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

There is a March 18 execution date and, if the injunction is vacated as the State has urged, Plaintiff will be executed on March 18.

Respectfully submitted,

*/s/J. Benjamin Aguiñaga*
J. Benjamin Aguiñaga
  Solicitor General of Louisiana

*Counsel for Appellants*

cc: All Counsel (via ECF)

TWENTY-SECOND JUDICIAL DISTRICT COURT
FOR THE PARISH OF ST. TAMMANY
STATE OF LOUISIANA

NO. 265637 DIVISION "H"

STATE OF LOUISIANA

VERSUS

JESSIE D. HOFFMAN

FILED: _____ _____
DEPUTY CLERK

## STATE'S OPPOSITION TO DEFENDANT'S MOTION TO RECALL DEATH WARRANT

MAY IT PLEASE THE COURT:

The State of Louisiana, through the District Attorney, respectfully submits this memorandum in response to Jessie Hoffman's *Emergency Motion to Recall the Death Warrant Signed by this Court on February 12, 2025 Setting a March 18, 2025 Execution Date*. The State submits that, at this time, the issues raised by Hoffman are not ripe and no action is required by the Court: there is a federal district court order enjoining his execution Although his pleading fails to accurately construe Louisiana law (and thus, he has no viable claim to begin with), the Court would need to address his arguments if any only if a federal appellate vacates the preliminary injunction.

Because time may be of the essence if any when the injunction is vacated, however, the State herein addresses Hoffman's contentions, which are incorrect and foreclosed by Louisiana Supreme Court jurisprudence.

### PERTINENT FACTS AND PROCEDURAL HISTORY

1. On February 12, this Court signed a *Warrant for Execution of Person Condemned to Die*. The warrant directs the Secretary of the Department of Public Safety and Corrections, Gary Westcott, to execute Jessie Hoffman on March 18, 2025.

2. On February 25, Jessie Hoffman filed a lawsuit seeking to enjoin Westcott from executing him pursuant to this Court's February 12 order.[1]

---

1 Hoffman v. Westcott et al., 25-cv-169 (U.S. Dist. Ct. M.D. La.).

3. On March 11, the U.S. District Court for the Middle District of Louisiana entered an order enjoining Westcott from executing Hoffman "until [Hoffman's] claims are decided after a trial on the merits and a final judgment issued."

4. On the morning of March 12, the Louisiana Department of Justice (representing Westcott) asked the United States Court of Appeals for the Fifth Circuit to vacate the March 11 preliminary injunction.[2] The undersigned is informed that Hoffman's response is due by 5pm today.

5. On March 13, Jessie Hoffman filed a pleading captioned *Emergency Motion to Recall the Death Warrant Signed by this Court on February 12, 2025 Setting a March 18, 2025 Execution Date.*

## LAW AND ARGUMENT

### I.

The statute at issue is La. R.S. 15:567(C), which reads:

> If any federal or Louisiana court grants a stay of execution, or if the governor of Louisiana grants a reprieve, the trial court shall reset the execution date at not less than thirty days nor more than forty-five days from the dissolution of the stay order, or termination or expiration of the reprieve.

### II.

When La. R.S. 15:567(C) was enacted, it was enacted against a statutory backdrop which contemplated that state criminal proceedings would be stayed by federal courts in connection with federal habeas corpus proceedings. *See* 28 U.S.C. § 2241 *et seq.* (habeas corpus proceedings); *id.* at § 2251 ("Stay of State court proceedings").

The order at issue here—a preliminary injunction issued in connection with litigation filed under 42 U.S.C. § 1983—is not a stay. It is similar, but it is not the kind of stay the legislature had in mind when it enacted R.S. 15:567(C).

---

[2] Westcott et al. v. Hoffman, 25-70006 (U.S. 5th Cir.).

III.

There is very little jurisprudence interpreting R.S. 15:567(C). There is, however, a case discussing circumstances where a federal district court has issued a stay and, prior to the scheduled execution date, the stay has been set aside by an appellate court. See State ex rel Williams v. State, 98-1643 (La. 6/17/18), 747 So.2d 487. In that case, the Louisiana Supreme Court ruled:

> When a federal or state district court grants a stay of execution but the order is immediately reversed by the appellate court *on the basis that the district court lacked authority*, La.Rev.Stat. 15:567C does not require the setting of a new execution date; the execution may proceed on the date originally fixed.

747 So.2d at 487 (emphasis supplied).

A concurring opinion explains: "The purpose of La.Rev.Stat. 15:567 C is to provide the time period for setting a new execution date when such action is necessary; the purpose is not to necessitate a new execution date when the original execution date is reinstated by reversal of an order that stayed the execution on the originally fixed date." Id. at 487 (Lemmon, J., concurring in denial of reconsideration).

IV.

In the event that the U.S. Court of Appeals for the Fifth Circuit reverses the preliminary injunction issued by the U.S. District Court for the Middle District of Louisiana, this case will be squarely governed by the Louisiana Supreme Court's decision in Williams.

When an appellate court sets aside a trial court's preliminary injunction on the merits, that is because the district court lacked the authority to issue the preliminary injunction. The district court's issuance of a preliminary injunction is reviewed for abuse of discretion. If the appellate court vacates or reverses an injunction on the merits, that is because the district court abused its discretion in issuing a preliminary injunction. And that abuse-of-discretion finding is just another way of saying that "the district court lacked authority" to enter the injunction in the first place. Williams, *supra,* 747 So.2d at 487.

V.

Statutory purpose and context reinforce this basic understanding.

*First*, purpose. *See* La. C.C. arts. 9, 10 (statutes are to construed with their purpose in mind and not to be applied in a manner that leads to absurd consequences). In Williams, Justice Lemmon explained that R.S. 15:567(C) has an obvious "purpose"—"to provide the time period for setting a new execution date *when such action is necessary*." 747 So.2d at 847 (Lemmon, J., concurring) (emphasis supplied). That might occur if, for example, a stay of execution runs past the originally scheduled execution date; in that case, if the stay is ultimately terminated, there would be a need for a new execution date. This statute dictates how that rescheduling process should play out. This purpose has nothing to do with ordinary appellate review of a district court's stay order (and whether it was even lawful in the first place). For that reason, Justice Lemmon was exactly right in explaining that this statute does not "necessitate a new execution date when"—as may occur here—"the original execution date is reinstated by reversal of an order that stayed the execution on the originally fixed date." Id.

*Second*, context. The text of R.S. 15:567(C) refers to both a stay order issued by a court and a reprieve issued by the governor. It then requires a new execution date to be set based upon the date of "the dissolution of the stay order, or termination or expiration of the reprieve." That reference to the governor is key here. Since only the governor may issue a reprieve, La. Const. art. IV, § 5(E), only the governor—i.e., the issuing entity—may terminate a reprieve or cause it to expire. Logically, then, the parallel phrase "dissolution of the stay order" likewise refers to dissolution by the issuing entity—i.e., the court that entered the stay. Indeed, that is commonly how courts conceive of dissolving stays (examples in the margin).[3] This important

---

3  See, e.g., In re Sealed Petitioner, 106 F.4th 397, 400 (5th Cir. 2024) ("[W]e dissolve the administrative stay this court entered pending our consideration of the Agency's requested relief."); State Farm Fire & Cas. Co. v. Donelon, 2023-0535 (La. App. 1 Cir. 1/10/24), 383 So.3d 217. 222 n.6 (noting that the district court denied "a motion to dissolve the stay issued by the district court"); In re: Lafayette Marine, LLC, 2023 WL 3224591, at *4 (E.D. La. May 3, 2023) (granting "Motion to Dissolve Injunction"); In re Mike Hooks, LLC, 2021 WL 3744820, at *3 (W.D. La. Aug. 24, 2021) ("[I]t is not appropriate to dissolve the stay at this time[.]"); Lane v. Record Keepers, L.L.C., 2001 WL 1661831, at *2 (E.D. La. Dec. 19, 2001) (denying "the Motion to Lift and Dissolve Stay of these Proceedings").

contextual clue thus forecloses any notion that the statute applies to an appellate court's reversal of a preliminary injunction in the course of ordinary appellate review: reversal is not "dissolution of a stay" as that term ordinarily understood.

To be clear, the Court does not need to agree with these supporting arguments to hold that Williams itself forecloses Plaintiff's invocation of the statute. But these arguments firmly reinforce the point. Accordingly, if the U.S. Court of Appeals for the Fifth Circuit reverses the preliminary injunction, the reversal will have been "on the basis that the district court lacked authority." Pursuant to the Williams case, R.S. 15:567(C) will not require that the Court set a new execution date.

## VI.

Hoffman identifies Williams in a footnote and argues that it applies only to situations where the federal district court lacked jurisdiction to enter a stay in the first place. *Motion to Recall*, pg. 5, footnote 1. This argument fails for two reasons.

*First*, that is not what the Louisiana Supreme Court said. If the Louisiana Supreme Court meant to say "jurisdiction," it would have used the word "jurisdiction." It instead used the word "authority." (And, for the reasons explained above, Hoffman's view does not work as a matter of statutory interpretation.)

*Second*, Hoffman's view makes no sense. Consider two scenarios where an appeals court reverses a district court's stay: in Scenario (A), the district court's stay order was based upon a rejection of binding U.S. Supreme Court precedent; in Scenario (B), the district court's stay order was based upon a mistaken interpretation of a statute giving the district court the authority to act.[4] Hoffman's view of the law is that execution *is* permitted in Scenario (B) but is *not* permitted in Scenario (A) because only Scenario (B) presents a jurisdictional defect. But Scenario (A) presents a

---

4 Scenario (B) is in fact the scenario underlying the Williams decision. See Williams v. Cain, 143 F.3d 949 (5th Cir. 1998). Mr. Williams had applied for habeas corpus review, which was granted by the federal district court, but reversed by the federal court of appeals. He asked the federal district court to stay his execution until he applied to the U.S. Supreme Court for certiorari review, and the federal district court granted that motion, citing 28 U.S.C. § 2251 (cited on page 2, above). The United States Court of Appeals for the Fifth Circuit reasoned that under § 2251 "only a Justice or Judge of the United States before whom a habeas petition is pending, may stay a proceeding against the person detained." Because the habeas petition was "no longer pending before the district court," the district court was not authorized to enter the stay. Williams, 143 F.3d at 950 (citations, alterations omitted).

far more egregious set of circumstances and thus certainly warrants keeping the original execution date. Hoffman presents no reason for believing that the legislature intended to draw such a bizarre line, and the text of the statute does not invite such an interpretation.

## VII.

Finally, the four federal cases cited by the defendant in his *Emergency Motion* (pp. 4-5, ¶ 15) are not persuasive. Three of those four federal cases involve executions that were stayed while federal habeas proceedings were pending. See Byrne v. Roemer, 847 F.2d 1130 (5th Cir. 1998) (discussed in the margin);[5] Knighton v. Maggio, 740 F.2d 1344 (5th Cir. 1984) (discussed in the margin);[6] Baldwin v. Maggio, 715 F.2d 152 (5th Cir. 1983) (discussed in the margin).[7] Those cases did not make any attempt to interpret La. R.S. 15:567(C), they simply acknowledged its existence in the course of reciting the cases' procedural histories. Those cases offer no insight into the proper interpretation of R.S. 15:567(C) in this case.

---

5  In Byrne, the Court cited R.S. 15:567(C) one time during its recitation of the procedural history of the case. It explained that "on January 16, 1987, Byrne petitioned the United States District Court for the Western District of Louisiana for federal habeas relief. On January 17, the district court entered an order staying Byrne's execution pending resolution of his federal habeas petition." Id. at 1131. The court then observed that the district court denied the petition but "continued the stay of execution it had entered in January until all appeals concerning Byrne's petition for federal habeas relief were resolved." Id. When the matter was appealed, the State asked the Court of Appeal to lift the stay. Id. at 1131-1132. The Court of Appeal ultimately affirmed the denial of habeas relief and terminated the stay. The stay was terminated on May 9, 1988. After that—and here is where R.S. 15:567(C) is cited—the trial court on May 10, 1988 set a new execution date of June 14, 1988. Id. at 1132.

6  In Knighton, the Court the Court cited R.S. 15:567(C) one time as follows:

> The Supreme Court of Louisiana affirmed the conviction and sentence, finding no merit in more than 35 assignments of error. State v. Knighton, 436 So.2d 1141 (La.1983). As mandated by state law, La.R.S. 15:567, the state trial court issued the death warrant and Knighton's execution was set for December 7, 1983. The Chief Justice of the Louisiana Supreme Court stayed that execution pending Knighton's application for certiorari to the United States Supreme Court. That application was denied on February 21, 1984 and the state trial court again scheduled the execution, this time for April 5, 1984.

740 F.2d at 1346.

7  In Baldwin, the Court cited R.S. 15:567(C) one time in a footnote. The U.S. Fifth Circuit had issued a stay of execution pending resolution of his habeas corpus claims. 715 F.3d at 153. The Court observed that "no execution date is presently pending" because of that stay and also that "the Louisiana trial court charged with setting Baldwin's execution date has not yet resumed jurisdiction over the matter." Id. at 154 n. 3. The Court cited to R.S. 15:567(C) in the context of discussing whether execution was sufficiently imminent to warrant *consideration* of the defendant's request to stay the proceedings. The Court ultimately concluded that "Louisiana has not assured us that no execution date is likely to be set in the immediate future" and the defendant was "attempt[ing] to forestall the rescheduling of his execution." Id.

The fourth case—James v. Edwards, 683 F. Supp. 157 (E.D. La. 1987)—was decided in 1987. That was long before the Louisiana Supreme Court itself interpreted R.S. 15:567(C) in State ex rel Williams v. State, which was decided in 1998. The State submits that a 1998 decision of the Louisiana Supreme Court holds more value for interpreting R.S. 15:567(C) than a federal district court decision from 1987.

* * *

In sum, the State submits:

(1) No action is required by the Court at this time.

(2) Action will be required by the Court if and only if the federal district court's preliminary injunction is set aside prior to March 18, 2025.

(3) If the federal district court's preliminary injunction is set aside prior to March 18, 2025, then the existing execution warrant will remain valid:

    (a) a preliminary injunction is not a stay (§ II, above); and

    (b) even if it is, R.S. 15:567(C) "does not require the setting of a new execution date; the execution may proceed on the date originally fixed" pursuant to State ex rel Williams v. State, *supra* (§§ III-VI, above).

## CONCLUSION AND PRAYER

For the reasons set forth above, the State prays that—in the event that the preliminary injunction is vacated—this Court DENY the defendant's *Motion to Recall the Death Warrant*.

Respectfully submitted,

*[/s] Matthew Caplan*
Matthew Caplan, LSBA # 31650
Assistant District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading to the petitioner through his counsel of record, Rebecca Hudsmith (rebecca_hudsmith@fd.org), by email, on this the 14th day of March, 2025.

*[/s] Matthew Caplan*
Matthew Caplan, LSBA # 31650
Assistant District Attorney

**22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY**

**STATE OF LOUISIANA**

**DOCKET NO: 265637**　　　　　　　　　　　　　　**DIVISION: "H"**

**STATE OF LOUISIANA**

**VERSUS**

**JESSIE D. HOFFMAN**

FILED: March 14, 2025　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　DEPUTY CLERK

## ORDER

Considering the Emergency Motion to Recall the Death Warrant Signed by This Court on February 12, 2025 Setting a March 18, 2025 Execution Date filed by the defendant Jessie D. Hoffman on March 13, 2025; and the State's opposition memorandum submitted thereto filed on March 14, 2025, the Court issues the following order:

IT IS HEREBY ORDERED that the Emergency Motion to Recall the Death Warrant Signed by This Court on February 12, 2025 Setting a March 18, 2025 Execution Date filed by the defendant Jessie D. Hoffman on March 13, 2025 be and is hereby denied.

Covington, Louisiana, this _14_ day of March, 2025.

_____
Judge Alan Zaunbrecher
22nd Judicial District Court, Division H

Please give notice of this order to all counsel.